UNITED STATES of America, Plaintiff,

v.

Commonwealth of PUERTO RICO, et al., Defendants.

Civ. No. 99–1435(JAG).

United States District Court, D. Puerto Rico.

Feb. 16, 2005.

Guillermo A. Gil–Bonar, U.S. Attorney's Office, Torre Chardon, San Juan, PR, Richard J. Farano, Senior Trial Attorney, Special Litigation Unit, U.S. Department of Justice, Washington, DC, for plaintiffs.

Barron L. Stroud, Washington, DC, Carlos Del–Valle–Cruz, Department of Justice, Commonwealth of Puerto Rico, Esther Crespin–Credi, Department of Justice, Civil Rights Legal Task Force, Leila S. Castro–Moya, San Juan, PR, for defendant Commonwealth of Puerto Rico.

Hector F. Oliveras–Delgado, Michelle Pirallo–Di Cristina, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for intervenor Instituto Psicopedagogico.

Jose R. Cancio–Bigas, Jose Raul Cancio Bigas Law Office, San Juan, PR, for Fundacion Modesto Gotay.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On April 27, 1999, the United States of America ("United States") filed this action against the Commonwealth of Puerto Rico ("Commonwealth"), its governor, and some of the governor's cabinet members (collectively "the parties"), alleging violations of the civil rights of a group of persons with mental retardation and developmental disabilities living in residential facilities that provide care, services and treatment under a contract with the Commonwealth (Docket No. 1). This suit was the result of a United States' investigation into six such residential facilities and pursuant to the Civil Rights of Institutionalized Persons Act of 1980, 42 U.S.C. §§ 1997–1997j. On May 4, 1999, the Court approved an Interim Settlement Agreement between the parties (Docket 2). On April 17, 2000, the parties submitted a Supplemental Interim Settlement Agreement (Docket No. 15). In September 2001, after a period of negotiation between the parties, the Commonwealth filed the parties' Community–Based Service Plan ("CBSP"). On September 27, 2001, the United States filed a memorandum in support of the CBSP, and the Court entered the Plan as an Order on October 9, 2001 (Docket Nos. 99 and 105). On April 23, 2002, the parties filed with the Court a joint submission listing the participants covered by the CBSP (Docket No. 159). On March 29, 2004, Instituto Psicopedagogico ("Instituto") filed for intervention and Fundacion Modesto Gotay ("Fundacion") (collectively "Intervenors") did the same on June 4, 2004 (Docket Nos. 342 and 362). For the reasons discussed below, the Court **DENIES** Fundacion and Instituto's motions for intervention.

## FACTUAL BACKGROUND

Instituto and Fundacion are private entities that provide housing, care, and treatment to patients with disabilities. Both institutions have contracts with the Department of Health of the Commonwealth of Puerto Rico ("Department of Health") according to which they provide the aforementioned services. The CBSP list filed by the parties on April 23, 2002, named 41 of the Instituto's 60 patients and 29 of the Fundacion's patients as CBSP participants. Sometime in late February, 2004, the Department of Health informed Intervenors the patients that were to be transferred to different community homes as selected by the Department of Health pursuant to the CBSP. Intervenors allege that they were not aware that these patients were on the CBSP list and were going to be transferred until the Department of Health informed them. Their claim is that the rights of the patients and their financial interests are jeopardized and, thus, they must intervene in the existing litigation in order to protect those rights.

## DISCUSSION

A. *Motion to Intervene Standard*

 Pursuant to Civil Procedure Rule 24, an outsider may request intervention in an action between third parties. This intervention, depending on the circumstances, may be of right or permissive.

**Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). Thus, except in the instances in which there is an unconditional statutory right to intervene, intervention of right shall be limited to the cases in which the disposition of the action impairs, as a practical matter, the intervenor's interest and ability to protect it. *See* 7C Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2D* § 1907, at 249–251. The First Circuit has created a four-part test for determining whether intervention of right is available. This test requires: (1) that the application be timely; (2) that the applicant claim an interest relating to the property or transaction which is the subject of the action; (3) that the disposition of the action may, as a practical matter, impair or impede that applicant's ability to protect the interest; and (4) that the applicant shows that the interest will not be adequately represented by existing parties. *See Conservation Law Foundation of New England, Inc. v. Mosbacher,* 966 F.2d 39, 41 (1st Cir.1992); *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 637 (1st Cir.1989). An "applicant who fails to meet any one of these requirements cannot intervene." *Conservation Law Foundation,* 966 F.2d at 41.

 On the other hand, permissive intervention is available upon request and at the Court's discretion, pursuant to a conditional statutory right or a common question of law or fact.

**Permissive intervention.** Upon a timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. [...] In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). Absent a conditional statutory right to intervene, intervenor must show that there is a common question of law or fact. Once this threshold matter has been established, it is for the Court to exercise its discretion, taking as a principal consideration whether allowance would prejudice the rights of the original parties. Afterwards, the "district court can consider almost any factor rationally relevant but enjoys broad discretion in granting or denying the motion." *Daggett v. Commission on Governmental Ethics and Election Practices,* 172 F.3d 104, 113 (1st Cir.1999).

## B. *Instituto and Fundacion's Motion for Intervention*

Both of Intervenors' motions rely on Rule 24(a) for their requests. At the hearing held by the Court on September 10, 2004 (Docket No. 385), however, Intervenors seemed to base their arguments on both permissive intervention and intervention of right. The Court will, thus, address both possibilities.

Intervenors' main argument is that the interests and well-being of their patients will be in jeopardy if the Department of Health transfers them from their current institutions into new ones. They claim that this transfer is a civil rights violation of their patients and, thus, the Court should permit their intervention as guardians of their patients' interests and rights. As an additional reason, both Intervenors have submitted that their financial situation would be affected by the transfer of patients.

At the outset, the Court would like to point out that the presence of these two claims in Intervenors' motions is an admission that the best interests of the patients may not be in harmony with Intervenors' best interests. There is no doubt that if the present motions were allowed, this conflict between patients and Intervenors will not turn out in the patients' favor. Furthermore, the Court is of the opinion that the patients' interests are adequately protected by both original parties to this case, the United States and the Commonwealth. This factor, taking into account the particular facts of this case, weights in favor of denying the present motions. The Court, nonetheless, will proceed to discuss the requirements for granting intervention.

### 1. *Intervention of Right*

 After a careful assessment of the particular circumstances of the case and of the claims supporting the petitions of both Intervenors, the Court finds that intervention as of right should be denied. Intervenors have failed to comply with the first requirement, timeliness. The United States filed the present suit on April 27, 1999, and on April 23, 2002, the parties submitted the list of CBSP participants. Intervenors did not seek intervention until March and June 2004, respectively. They try to excuse their delay by alleging that they ignored the fact that some of their patients had been included in the CBSP list until the Department of Health informed them directly on February 2004.

The time factor is not, however, the only consideration. Rather, the Court should analyze timeliness by studying the totality of the surrounding circumstances. In the present case, Intervenors filed their request after almost five years of intense negotiation between the parties. Even if the Court could excuse Intervenors delay—and the Court is of the opinion that they, at least, should have been aware of the fact that their interest might have been at stake since the submission of the list two years before they filed their motions for intervention—the fact remains that this proceeding has advanced to a stage in which there is little for the Court to do other than to oversee the compliance with the settlement agreement between the parties.

The objective of this litigation is the vindication of the civil rights of a group of institutionalized patients who are mentally impaired and who have simply waited too long for the adequate treatment of their condition. If the Court were to grant intervention, the progress that has been accomplished throughout the five years of this proceeding could be hampered by Intervenors' interests in this litigation. Thus, taking into account the fact that Intervenors requested intervention at least two years after they should have known that their patients could be affected and that in those same two years the parties to the case have substantially progressed in their negotiations, the Court finds that the request for intervention as of right is untimely.

 Furthermore, even assuming that the petition is timely, intervention must still be denied because Intervenors have failed to properly identify a recognizable interest in this case. Intervenors claim to be defending the constitutional rights of their patients which were "erroneously" included within the CBSP participant list. They have failed, however, to identify which of the patients' constitutional rights are being infringed by the parties to this litigation. Intervenors merely claim that the patients are being removed from their "homes" without their consent and deprived of their liberty. On the contrary, one of the main purposes of this litigation is

to give these patients more liberty by placing them within the community rather than keeping them locked away in some institution.

Moreover, it is the Commonwealth who has legal custody of these patients and as their legal guardian it is the Commonwealth who has the standing to vindicate their constitutional rights. Intervenors have failed to establish that they are entitled to represent the rights of these third parties.

Because failure to comply with any of the requirements for intervention as of right is fatal to the requesting party, the Court need not go further. *See Travelers Indem.*, 884 F.2d at 637.

### 2. *Permissive intervention*

As to permissive intervention, first, Intervenors have failed to identify what statute, if any, gives them a right to intervene. The Government proffers that in fact none exists and the motion to intervene pursuant to Fed. R.Civ.P. 24(b)(1) must be denied. The court agrees.

■ Second, in order to grant permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2), the Court must first determine whether there is a common question of law or fact and, if there is, then it must determine whether granting intervention would present a hardship to the parties in the case. The Court cannot find that Intervenors have properly identified a common question of law or fact that could entitle them to intervention. Furthermore, as discussed above, the Court finds that granting intervention at this advanced stage in the proceedings would be prejudicial not only to the existing parties, but to the patients subject of this litigation as well. The Court can find no reason to re-address the issue and, thus, permissive intervention must be denied as well.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Fundacion and Instituto's motions for intervention.

IT IS SO ORDERED.